UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| T. SENDZIMIR, INC. | : |
| v. | : Civil Action No. |
| MAGNUM INTEGRATED TECHNOLOGIES INC. | : |
| | : OCTOBER 7, 2009 |

## COMPLAINT

The plaintiff, T. Sendzimir, Inc. ("Sendzimir"), for its Complaint against the defendant, Magnum Integrated Technologies Inc. ("Magnum" or "Defendant") alleges as follows:

### JURISDICTION AND VENUE

1. This Complaint seeks declaratory relief and arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Trademark laws of the United States, 15 U.S.C. § 1051 et seq., Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110b, et seq. and the common law.

2. This Court has jurisdiction of the claims by virtue of 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), 1367(a) and 15 U.S.C. § 1121.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(a), (b), (c).

{N0834499;2}

## THE PARTIES

4.  Sendzimir is a corporation organized under the laws of the State of Connecticut and maintains its principal place of business in Waterbury, Connecticut.

5.  Upon information and belief, defendant, Magnum is a corporation incorporated pursuant to the laws of Canada, and maintains places of business in Canada and Westbrook, Maine.

6.  Upon information and belief, Waterbury Farrel ("Waterbury Farrel") is a division of Magnum and maintained a place of business in Cheshire, Connecticut.

7.  Magnum through Waterbury Farrel designs, manufactures and sells rolling mills throughout the world, including within this District.

## THE SENDZIMIR COMPANY

8.  Sendzimir is a world-wide leader in the design and manufacturing of rolling mills that are used to roll stainless and other hard-to-roll or exotic materials.

9.  Many things, from automobiles to fast-food restaurants, from highway tankers to household appliances, use stainless steel that has been produced on mills that have been designed by Sendzimir.

10. The Sendzimir rolling mills are marketed throughout the world, including within this District, by Sendzimir and through a network of licensees.

11. "SENDZIMIR" is the surname of Tadeusz Sendzimir, who has been referred to as the pioneer of superior cold rolling mill design.

12. In or about 1936, Tadeusz Sendzimir sold one of his steel mills to a company named Armco Steel in Butler, Pennsylvania.

13. As a result, Armco Steel grew interested in Mr. Sendzimir's work and from that partnership a new company was formed, the Armzen Company.

14. The Armzen Company helped oversee the worldwide expansion of Mr. Sendzimir's galvanizing and mill technology.

15. Soon thereafter, Mr. Sendzimir became a known entity in the field of rolling mills that could roll very hard materials down to very light gauges.

16. It was in the 1950's that Mr. Sendzimir established T. Sendzimir, Inc. located in Waterbury, Connecticut.

17. Today there are over 400 mills in over 40 countries made pursuant to the designs of Sendzimir.

## MAGNUM'S IMPROPER CONDUCT WITH RESPECT TO SENDZIMIR'S INTELLECTUAL PROPERTY RIGHTS

18. In or about October 1956, Tadeusz Sendzimir, on behalf of Sendzimir and the Armzen Company, entered into a number of agreements with The Waterbury Farrel Foundry & Machine Company.

19. One such agreement, entitled "Bill of Sale," purports to transfer over from the Armzen Company to The Waterbury Farrel Foundry & Machine Company certain U.S. and foreign patents.

20. The Bill of Sale also specifically states that "in so far as Armzen ha[d] power to convey the same, the right and privilege to continue to refer to the mills manufactured thereunder under their established trade name of "Sendzimir Cold Strip Mills."

21. At no time has Sendzimir, the Armzen Company, or any predecessors or successors thereof assigned ownership rights in the "SENDZIMIR" name or mark to any third party.

22. In or about February 1967, Textron Inc. filed a trademark application for the mark "SENDZIMIR" for use in connection with "rolling mills for rolling, reducing, finishing metal and/or alloys in either the solid or plastic state."

23. The trademark application for the mark "SENDZIMIR" filed by Textron, Inc., ultimately matured into U.S. Registration No. 846,670 (the '670 Registration).

24. Upon information and belief, assets of Textron Inc., through a series of acquisitions, have been acquired by Magnum.

25. At no time did Tadeusz Sendzimir or any company controlled by Tadeusz Sendzimir, including but not limited to T. Sendzimir Inc. or the Armzen Company, ever give written consent to any third party, including Textron, Inc., to register the mark "SENDZIMIR."

### MAGNUM'S IMPROPER THREATS

26. On or about July 13, 2009, Magnum sent Sendzimir a letter dated July 13, 2009 (the "July 13, 2009 Letter") demanding, among other things, that Sendzimir "cease and desist from using any of the Magnum Trade-marks, in particular SENDZIMIR, Z-MILL and AS-U-ROLL with respect to rolling mills and any related spare parts, servicing or otherwise."

27. The July 13, 2009 Letter also stated that in the event that Sendzimir did not comply with Magnum's demand, "[Magnum] reserves the right to commence immediate legal action without further notice to [Sendzimir]."

28. In addition, Magnum asserted that Sendzimir has engaged in "knowing interference with Magnum's contractual relations" and an "improper conversion of property of Magnum."

29. On or about September 10, 2009, Magnum sent to Sendzimir another letter wherein it stated that "if we do not receive a substantive response by <u>September 25, 2009</u> with respect to our allegations in our letter [dated July 13, 2009], we have instructions to begin proceedings in Canada" (emphasis in the original).

30. Notably, Magnum has sent letters to at least one of Sendzimir's licensees demanding, among other things, that the licensee cease and desist from using the marks SENDZIMIR, Z-MILL and AS-U-ROLL with respect to rolling mills. Magnum has

specifically threatened that it reserves the right to commence immediate legal action without further notice if the licensee does not comply with Magnum's demand.

## COUNT ONE (DECLARATORY RELIEF REGARDING INTERFERNCE WITH CONTRACTUAL RIGHTS AND CONVERSION)

31. The allegations set forth in Paragraphs 1 through 30 are hereby incorporated by reference as if fully set forth herein.

32. Sendzimir has formed a reasonable apprehension and belief that Magnum believes that Sendzimir has and/or continues to knowingly interfere with Magnum's contractual relations and engage in the improper conversion of property of Magnum as a result of Sendzimir offering and/or providing its services and products in the field of cold rolling mill design and manufacture, among other activities by Sendzimir.

33. Sendzimir denies that it has engaged in the aforementioned conduct.

34. An actual, valid and justiciable controversy has arisen and now exists between Sendzimir and Magnum with respect to these matters.

35. Sendzimir seeks a judicial determination of the foregoing controversy.

## COUNT TWO (DECLARATORY RELIEF REGARDING THE SENDZIMIR MARK)

36. The allegations set forth in Paragraphs 1 through 35 are hereby incorporated by reference as if fully set forth herein.

37. Sendzimir has formed a reasonable apprehension and belief that Magnum believes and/or claims that Sendzimir has infringed and/or continues to infringe the mark

SENDZIMIR as a result of Sendzimir's offering and/or providing its services and products in the field of cold rolling mill design and manufacture, among other activities by Sendzimir.

38. Sendzimir denies that it has engaged in the aforementioned conduct.

39. Sendzimir contends that Magnum has engaged in illegal and/or inequitable acts which relate directly to the subject matter of the "SENDZIMIR" mark and/or registration.

40. Sendzimir contends that the '670 Registration was procured through fraud in that:

    i. Sendzimir never assigned any rights to the mark SENDZIMIR to any third party(ies);

    ii. Sendzimir never gave written consent to any third party(ies) to register the mark SENDZIMIR;

    iii. At the time of filing the application that matured into the '670 registration, SENDZIMIR consisted of or comprised a name identifying a particular living individual;

    iv. At most, The Waterbury Farrel Foundry & Machine Company was given only a limited right to _use_ the trade name "Sendzimir Cold Strip Mills," by virtue of said 1956 "Bill of Sale" and even then, only in reference to mills manufactured in accordance with certain Letters Patent of the United States and of other countries;

    v. The representative for Textron who signed the application that matured into the '670 application knowingly made inaccurate or misleading statements with the intent to deceive when:

1. He declared under oath that he believed Textron to be the owner of the mark SENDZIMIR even though only a limited right to use was granted to Waterbury Farrel;

2. He declared under oath that he believed Textron to be the owner of the mark SENDZIMIR even though Sendzimir was the surname of a living individual who did not grant written permission for Textron to register the mark;

3. He declared under oath that he believed no other person, firm, corporation or association has the right to use the mark in commerce, with knowledge of the right of T. Sendzimir, Inc. to use the mark in commerce;

4. He indicated under oath dates of first use that were prior to the date that could be asserted by Textron based on their own use; and/or

5. He indicated under oath dates of first use that were based on T. Sendzimir, Inc.'s use in commerce.

41. As a result, Sendzimir contends that the '670 Registration is invalid and should be cancelled on the grounds that: (i) the registration was fraudulently obtained; and/or (ii) it was obtained contrary to the provisions of subsections (a) and/or (c) of 15 U.S.C. §§ 1052.

42. Sendzimir also contends that it has priority of usage of the mark SENDZIMIR over Magnum as to the competitive market in issue.

43. Further, even if the '670 Registration is held to be valid, Sendzimir's use of the SENDZIMIR mark does not create a likelihood of confusion.

44. Sendzimir contends that there has been a long delay by Magnum in asserting its rights, and enforcement thereof has caused and/or would cause injury and/or prejudice to Sendzimir.

45. Magnum is equitably estopped and/or has acquiesced to Sendzimir's activities through acts, omissions and/or words of Magnum.

46. Sendzimir has relied to its detriment upon the acts, omissions and/or words of Magnum.

47. Upon information and belief, Magnum denies each of the allegations contained in Paragraphs 39 - 46.

48. An actual, valid and justiciable controversy has arisen and now exists between Sendzimir and Magnum with respect to these matters.

49. Sendzimir seeks a judicial determination of the foregoing controversy.

## COUNT THREE (DECLARATORY RELIEF REGARDING THE Z-MILL MARK)

50. The allegations set forth in Paragraphs 1 through 49 are hereby incorporated by reference as if fully set forth herein.

51. Upon information and belief, Magnum is the owner of U.S. Trademark Registration No. 2,834,195 (the '195 Registration) for the mark "Z-MILL" for use in connection with "rolling mills for rolling, reducing, finishing metal and/or alloys in either the solid or plastic state."

52. Sendzimir has formed a reasonable apprehension and belief that Magnum believes and/or claims that Sendzimir has infringed and/or continues to infringe the mark Z-MILL as a result of Sendzimir's offering and/or providing its services and products in the field of cold rolling mill design and manufacture.

53. Sendzimir denies that it has engaged in the aforementioned conduct.

54. Sendzimir contends that it has priority of usage of the mark "Z-MILL" over Magnum as to the competitive market in issue.

55. Further, even if the '195 Registration is held to be valid, Sendzimir's use of the Z-MILL mark does not create a likelihood of confusion.

56. Sendzimir contends that there has been a long delay by Magnum in asserting its rights, and enforcement thereof has caused and/or would cause injury and/or prejudice to Sendzimir.

57. Magnum is equitably estopped and/or has acquiesced to Sendzimir's activities through acts, omissions and/or words of Magnum.

58. Sendzimir has relied to its detriment upon the acts, omissions and/or words of Magnum.

59. An actual, valid and justiciable controversy has arisen and now exists between Sendzimir and Magnum with respect to these matters.

60. Sendzimir seeks a judicial determination of the foregoing controversy.

## COUNT FOUR (DECLARATORY RELIEF REGARDING THE NON-INFRINGEMENT OF THE AS-U-ROLL MARK)

61.  The allegations set forth in Paragraphs 1 through 60 are hereby incorporated by reference as if fully set forth herein.

62.  Upon information and belief, Magnum is the owner of U.S. Trademark Registration No. 2,954,431 (the '431 Registration) for the mark "AS-U-ROLL" for use in connection with "milling machines, namely rolling mills for rolling, reducing and finishing metal and alloys; milling machines, namely, rolling mills for rolling metal; milling machines, namely, rolling mills for reducing metal; milling machines, namely rolling mills for finishing metal; milling machines, namely, rolling mills for rolling alloys; milling machines, namely, rolling mills for reducing alloys; milling machines, namely rolling mills for finishing alloys".

63.  Sendzimir has formed a reasonable apprehension and belief that Magnum believes and/or claims that Sendzimir has infringed and/or continues to infringe the mark AS-U-ROLL as a result of Sendzimir's offering and/or providing its services and products in the field of cold rolling mill design and manufacture.

64.  Sendzimir denies that it has engaged in the aforementioned conduct.

65.  Sendzimir contends that it has priority of usage of the mark AS-U-ROLL over Magnum as to the competitive market in issue.

66.  Further, even if the '431 Registration is held to be valid, Sendzimir's use of the AS-U-ROLL mark does not create a likelihood of confusion.

67. Sendzimir contends that there has been a long delay by Magnum in asserting its rights, and enforcement thereof has caused and/or would cause injury and/or prejudice to Sendzimir.

68. Magnum is equitably estopped and/or has acquiesced to Sendzimir's activities through acts, omissions and/or words of Magnum.

69. Sendzimir has relied to its detriment upon the acts, omissions and/or words of Magnum.

70. An actual, valid and justiciable controversy has arisen and now exists between Sendzimir and Magnum with respect to these matters.

71. Sendzimir seeks a judicial determination of the foregoing controversy.

## COUNT FIVE (INTERFERENCE WITH CONTRACTUAL RELATIONS)

72. The allegations set forth in Paragraphs 1 through 71 are hereby incorporated by reference as if fully set forth herein.

73. Sendzimir possesses a vast technical knowledge and know-how as well as long-term experience in the design and engineering of rolling mill equipment.

74. The one or more licensees of Sendzimir cooperate in promoting and selling rolling mills and equipment related thereto.

75. Sendzimir has a reasonable expectation that it should be free from interference with such licensees.

76. Magnum, with knowledge of the relationship(s) between Sendzimir and its licensees and of the economic benefit derived by Sendzimir from the relationship(s), has interfered with one or more of said relationships by:

    (i) commencing litigation against at least one licensee; and/or

    (ii) threatening litigation against one or more other licensees of Sendzimir, specifically:

> Sending letters to Sendzimir licensee(s) demanding that the licensee(s) cease and desist from using the marks SENDZIMIR, Z-MILL and AS-U-ROLL with respect to rolling mills and further stating that in the event of non-compliance with such demand, that Magnum reserves the right to commence immediate legal action without further notice.

77. Magnum's interference with the relationship between Sendzimir and its one or more licensees has been done with malice, without justification or excuse, and with an intent to induce its licensees to discontinue their activities and/or relationship with Sendzimir and/or cause harm to Sendzimir.

78. As a direct result of Magnum's interference as set forth herein, Sendzimir has suffered, and will suffer in the future, substantial and irreparable harm.

### COUNT SIX (VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT)

79. The allegations set forth in Paragraphs 1 through 78 are hereby incorporated by reference as if fully set forth herein.

80. Magnum's actions, alone or in combination, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42-110b.

81. As a result of the Magnum's conduct, Sendzimir has suffered an ascertainable loss, will continue to suffer substantial harm and is entitled to the recovery of damages, punitive damages, attorneys' fees, and costs.

82. Upon information and belief, the Magnum will continue its unlawful activities unless enjoined, and Sendzimir has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Sendzimir respectfully requests that this Court:

1. enter a declaratory judgment that the '670 Registration is invalid, unenforceable and/or should be cancelled;

2. enter a declaratory judgment that the '431 Registration is invalid, unenforceable and/or should be cancelled;

3. enter a declaratory judgment that the '195 Registration is invalid, unenforceable and/or should be cancelled;

4. enter a declaratory judgment that Sendzimir has not engaged in knowing interference with Magnum's contractual relations;

5. enter a declaratory judgment that Sendzimir has not engaged in improper conversion of property of Magnum;

6. enter a declaratory judgment that the '670 Registration is not being infringed by Sendzimir;

7. enter a declaratory judgment that the '431 Registration is not being infringed by Sendzimir;

8. enter a declaratory judgment that the '195 Registration is not being infringed by Sendzimir;

9. enter a declaratory judgment that Magnum has acquiesced to Sendzimir's activities;

10. enter a declaratory judgment that Magnum is estopped from enforcing the marks SENDZIMIR, Z-MILL and/or AS-U-ROLL against Sendzimir;

11. enter a declaratory judgment that Magnum is barred by laches from asserting SENDZIMIR, Z-MILL and/or AS-U-ROLL against Sendzimir;

12. enter a declaratory judgment that Magnum is barred by unclean hands from asserting SENDZIMIR, Z-MILL and/or AS-U-ROLL against Sendzimir;

13. enter a declaratory judgment that Sendzimir has priority of usage of the marks SENDZIMIR, Z-MILL and/or AS-U-ROLL over Magnum as to the competitive market in issue;

14. enter a preliminary and permanent injunction compelling Magnum to cease from engaging in activities that constitute unfair competition, interference with the contractual relations of Sendzimir and/or that violate the Connecticut Unfair Trade Practices Act;

15. enter judgment determining the rights of the parties in, without limitation, the SENDZIMIR, Z-MILL and AS-U-ROLL marks in the U.S. and elsewhere;

16. award money damages, punitive damages, attorneys' fees and costs pursuant to Connecticut General Statutes § 42-110(g);

17. award monetary damages;

18. award punitive damages;

19. award attorneys' fees and costs; and

20. award Sendzimir such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Sendzimir requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

THE PLAINTIFF,
T. SENDZIMIR, INC.

By /s/ Fatima Lahnin
Fatima Lahnin
Federal Bar ct24096
John R. Horvack, Jr.
Federal Bar ct12926
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Tel: 203-777-5501
Fax: 203-784-3199
flahnin@carmodylaw.com
jhorvack@carmodylaw.com