```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

T. SENDZIMIR INC.,                :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :   CASE NO. 3:09cv1599(AWT)
                                  :
MAGNUM INTEGRATED TECH. INC.,     :
                                  :
     Defendant.                   :
```

RULING ON MOTION TO COMPEL

Pending before the court is the plaintiff's Motion to Compel Discovery, doc. #34. Oral argument was held on November 4, 2010. The motion is granted in part and denied in part, as follows.

First, to the extent the defendant objects to requests as overbroad because they seek "all" documents, the objection is overruled. The plaintiff's request for the court to overrule the defendant's objection regarding plaintiff's definition of "Magnum, you or your" is denied without prejudice. The present record does not permit the court to make any factual determinations regarding the defendant's corporate history or holdings, but no such determination is necessary for the present motion. Regardless of the definition, the defendant is required to produce responsive records in its possession, custody or control. Moreover, the defendant represents that it has not withheld any documents based on that objection. The court will now address the individual interrogatories and requests for production.

<u>Interrogatories #1 and 4</u>:  The motion is withdrawn without prejudice as to these interrogatories, based on defense counsel's representation in open court that the defendant will respond.

<u>Request for Production #1</u>:  The motion is withdrawn without prejudice as to these requests, based on defense counsel's representation in open court that the responsive documents will be mailed to plaintiff's counsel.

<u>Requests for Production #2, 6, 7, 84 and 85</u>:  The motion is withdrawn without prejudice as to these requests, based on defense counsel's representation in open court that no responsive documents exist.  The defendant shall amend its formal discovery responses to reflect this answer.

<u>Requests for Production #130 and 131</u>:  The motion is withdrawn without prejudice as to these requests, based on defense counsel's representation that the responsive documents will be mailed to plaintiff's counsel.

<u>Request for Production #34</u>:  The request is broad and sweeping, but the parties indicated a willingness to work together to resolve their dispute.  The motion is denied without prejudice as to this request, and counsel are encouraged to work together to reformulate the request or otherwise resolve their dispute.

<u>Requests for Production #35-37 and 57:</u>  The requests are overly broad as written.  The motion is therefore denied without prejudice to reformulating the requests.  Counsel are encouraged

to work together to find common ground.

Requests for Production 38-43, 52-56, 103-107, 155-59: These requests are denied without prejudice pending a ruling on the defendant's Motion to Dismiss.  However, counsel are encouraged to work together in the meantime to find common ground and to reduce the number of items in controversy.

Requests for Production 68-77, 115-23, 167-75:  The requests are overly broad as written.  The motion is therefore denied without prejudice to reformulating the requests.  Counsel are encouraged to work together to find common ground.

Requests for Production 78, 124, 176:  Requests #124 and 176, which relate to the Z-MILL mark and the AS-U-ROLL mark, are denied without prejudice pending a ruling on the defendant's Motion to Dismiss.  As to Request for Production #78, the defendant's relevance objection is overruled and the defendant shall produce the records.  If the defendant claims that documents in the file are protected by attorney-client privilege or the work product doctrine, it shall produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5) and D. Conn. L. Civ. R. 26(e).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ.

R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 8th day of November, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge